IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**HUI FANG LIN**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA, ET AL.**,

    Defendant.

Civil Action No. 7:14-CV-138 (HL)

ORDER

Before the Court is Defendant Bill Gray's Motion to Dismiss (Doc. 29), Amended Motion to Dismiss (Doc. 35), and Second Amended Motion to Dismiss. (Doc. 37). For the reasons discussed below, the Court denies Defendant's two amended motions. The Court grants in part and denies in part Defendant's initial Motion to Dismiss.

**I.   BACKGROUND**

Plaintiff, a Chinese citizen, entered the United States via the Texas Border on August 19, 2013. The United States Border Patrol apprehended Plaintiff and charged her with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). Immigration officials then transferred Plaintiff to the Irwin County Detention Center in Ocilla, Georgia for detention pending removal proceedings.[1]

---

[1] Plaintiff later initiated habeas proceedings in this Court. Lin v. Holder, et al., No. 7:14-CV-164-HL-MSH, Doc. 1 (M.D. Ga. filed Oct. 17, 2014). The Court takes judicial notice of the Order dismissing Plaintiff's application for habeas relief as

Plaintiff admitted the factual allegations asserted against her in a September 23, 2013 Notice to Appear. Plaintiff conceded the charge of removability and then sought asylum based on alleged religious persecution in China resulting from her membership in an underground Christian church. On November 21, 2013, an immigration judge denied Plaintiff's application for asylum and ordered her removed from the United States to China. Plaintiff filed a timely appeal to the Board of Immigration appeals on December 13, 2013. Her appeal was denied April 25, 2014. She subsequently filed a petition for review in the Eleventh Circuit Court of Appeals.[2] Throughout the immigration proceedings, Plaintiff remained detained and refused to produce her Chinese passport, preventing immigration officials from effectuating her removal.

Plaintiff filed this civil rights action against the United States and various agents and officers of the United States in both their individual and official capacities. She also names as a defendant Bill Gray, Warden at the Irwin County Detention Center, where Plaintiff was held while awaiting removal. Plaintiff alleges Defendants collectively committed tortious acts in violation of her constitutional and statutory rights, namely by wrongfully and unreasonably detaining her for a prolonged period of time in violation of her due process rights.

---

moot in consideration of Plaintiff's February 24, 2015 removal from this country. Lin, No. 7:14-CV-164-HL-MSH, Doc. 15 (M.D. Ga. filed April 27, 2015).

[2] The Eleventh Circuit denied Plaintiff's petition. Lin v. U.S. Attorney General, No. 14-12045 (11th Cir. Dec. 24, 2014) (per curiam). Plaintiff's Petition for Panel Rehearing remains pending. No. 14-12045 (11th Cir. Feb. 4, 2015).

**II.     DISCUSSION**

Defendant moves to dismiss all claims raised against him in Plaintiff's Complaint on two grounds. First, Defendant argues that Plaintiff's Complaint should be dismissed for failure to effect service under Fed.R.Civ.P. 12(b)(5). Alternatively, Defendant moves under Fed.R.Civ.P. 12(b)(6) to dismiss this action for Plaintiff's failure to state any claim against Defendant.

**A.     Motion to Dismiss under Fed.R.Civ.P. 12(b)(5)**

Federal Rule of Civil Procedure 4(m) provides,

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

It is undisputed that Plaintiff failed to serve Defendant within the required time period. Plaintiff initiated this lawsuit on August 29, 2014. She did not effectuate service on Defendant until January 21, 2015, 25 days after the running of the 120 days mandated by Rule 4(m). Accordingly, the Court must determine whether Plaintiff has demonstrated good cause for the failure that would warrant the Court extending the time for service.

"Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."

3

Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation omitted). Absent a showing of good cause, a district court may in its discretion extend the time for service. Id. (citing Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005)). The Advisory Committee Note to Rule 4(m) outlines a nonexhaustive list of circumstances which may warrant a discretionary extension of the service deadline, including where "'the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" Id. (quoting Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments); see also Horenkamp, 402 F.3d 1129 (affirming decision of district court to extend the time for service where the defendant had notice of the suit via a request for waiver of service and plaintiff subsequently properly served defendant).

Plaintiff has failed to demonstrate good cause. Plaintiff's first attempt at serving Defendant occurred on October 3, 2014, when Plaintiff sent a copy of the Complaint to the Irwin County Detention Center by certified mail. (Doc. 10). Plaintiff also provided a copy by certified mail to the Civil Process Clerk at the United States Attorney's Office for the Middle District of Georgia. After receiving notice from the United States Attorney's office that the documents received by that office did not contain the required summons form (Doc. 16), on October 14, 2014, Plaintiff again sent a copy of the summons for each of the named

4

defendants along with a copy of the Complaint by certified mail to the Civil Process Clerk. (Doc. 17).

Rule 4(i)(2) instructs that service upon an employee of the United States sued in his official capacity requires the plaintiff to serve the United States, which may be accomplished by sending a copy of the summons and complaint by registered or certified mail to the civil process clerk, and to send a copy by registered or certified mail to the employee. Defendant Gray is the warden of the Irwin County Detention Center in Ocilla, Georgia and not an employee of the United States or any of its agencies. Accordingly, Plaintiff's attempt at serving Defendant in this manner failed as a matter of law.

In the absence of a waiver of service, both the Federal Rules of Civil Procedure and Georgia's Rules of Civil Procedure required Plaintiff to serve this particular Defendant personally. Fed.R.Civ.P. 4(e); O.C.G.A. § 9-11-4(e). The only explanation offered by Plaintiff for not properly serving Defendant was a "misapprehension of the state rules of service." (Doc. 31, p. 3). The rules for services are not complicated, and the Court finds this excuse unavailing.

Even though Plaintiff failed to present evidence of good cause, the Court may in its discretion extend the time for service. Lepone-Dempsey, 476 F.3d 1281. Here, Plaintiff was required to serve Defendant on or before December 27, 2014. On January 6, 2015, Defendant filed his original motion to dismiss, raising the issue of ineffective service. Upon learning of the error, Plaintiff took steps to

remedy the problem relatively expeditiously. Plaintiff contacted a process server on January 12, 2015 (Doc. 3102), and served Defendant on January 21, 2015. (Doc. 33). The Court finds Plaintiff's diligence in correcting the service error satisfactory and concludes in its discretion that extending the time for service is appropriate under the circumstances.

Subsequent to receiving personal service of Plaintiff's Complaint, Defendant filed two amendments to his motion, showing the Court that Plaintiff did not provide Defendant a copy of the summons along with the Complaint and so had not fully complied with the service requirements. (Docs. 35, 37).[3] Rule 4(c) provides, "A summons must be served with a copy of the complaint." Fed.R.Civ.P. 4(c); Turner v. United States, 203 F. App'x 952, 954 (11th Cir. 2006). The parties present counterposing documentation pertaining to the service of the summons.

Plaintiff's counsel shows that on January 12, 2015, his office transmitted a summons and complaint to be served upon Defendant by a certified process server. (Doc. 31-2, p. 2). The process server then executed an Affidavit of Service attesting that on January 21, 2015, she personally served Defendant with

---

[3] Plaintiff questions the propriety of Defendant's amendments. While certainly an unorthodox and not especially favored method of relaying information to the Court, the Court finds no harm in Defendant's submissions, which served as supplements to Defendant's initial motion and further highlighted the ongoing issues with service. The Court notes that both parties could readily have avoided these complexities by agreeing to a waiver of service.

both a summons and complaint. (Doc. 33). Defendant provided an opposing affidavit in which he testifies that while the process server handed him a copy of the Complaint, the summons form was not included. (Doc. 37-1). The parties now essentially ask the Court to make a credibility determination based on competing affidavits. However, it is clear to the Court that, while belated, Plaintiff attempted substantially to comply with the service requirements by providing a copy of the summons form to Defendant along with the Complaint, and there is no evidence that Defendant has been prejudiced in any way from the defects in service. Accordingly, the Court denies Defendant's motions to dismiss under Fed.R.Civ.P. 12(b)(5) for insufficiency of service of process.

### B. Motion to Dismiss under Fed.R.Civ. P. 12(b)(6)

Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). According to Defendant, Plaintiff requests relief for actions allegedly taken by the named federal defendants, and Plaintiff points to no action taken by Defendant. Thus, her Complaint should be dismissed.

A Rule 12(b)(6) motion to dismiss requires the court to accept "all well-pleaded facts . . . as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271,1273 n. 1 (11th Cir. 1999). The court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas

Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682 (1946)). Accordingly, to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The law "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

In her recitation of the relevant facts, Plaintiff does not address the specific conduct of any one defendant, instead referring to all of the seven named defendants collectively as "Defendants." Her delineation of her claims for relief is no more enlightening. Plaintiff's Complaint asserts five causes of action: (1) a Bivens claim for false arrest and false imprisonment; (2) a Federal Torts Claims Act claim for false arrest and false imprisonment; (3) a Bivens claim for failure to train and supervise; (4) an unspecified claim under a theory of respondeat superior; and (5) a claim alleging Defendants prevented Plaintiff from pursuing asylum and denied her due process of law. In the course of the thirty-four paragraphs in which Plaintiff sets forth her legal claims, Defendant Gray's name appears in a total of three. (Doc. 1 ¶¶ 53, 58, 63). And in each of those three paragraphs, Plaintiff lumps Defendant in with Monique Shirley, a Deportation

8

Officer in the Field Office of Immigration and Customs Enforcement ("ICE") in Atlanta, Georgia, and William Hampton, a Supervisory Deportation and Detention Officer with ICE. In Paragraph 63, she even alleges that Defendant Gray acted in the course and scope of his duties as an officer or employee of ICE, or as an agent or employee of the "Supervisory Defendants." (Doc. 1, pp. 9-10). This allegation directly contradicts Plaintiff's own identification of Defendant as the Warden of the Irwin County Detention Center. (Doc. 1 ¶ 11).

Plaintiff's Complaint fails to make any specific allegations pertaining to Defendant, setting forth mere conclusions with no factual substance. For example, in Paragraph 53, Plaintiff states, "Plaintiff's case as handled by Defendants Shirley, Hampton and Gray presented them with difficult choices of the sort that training and supervision by the Supervisory Defendants would have made less difficult, and the wrong choices, the sort of which Defendants Shirley, Hampton and Gray made in this case, will frequently cause the deprivation of one's constitutional rights." (Doc. 1, p. 8). Plaintiff makes no effort to explain what "choices" she deems to be "difficult" or the "wrong choices" or what or whose constitutional rights were violated as a result of these unidentified "choices." Nor does she explain how Defendant Gray played any role in any decision making relating to Plaintiff's ongoing detention.

In sum, the most the Court learns about Defendant in the course of reviewing Plaintiff's Complaint is that he served as the warden of the prison

9

where Plaintiff was detained during the pendency of her immigration proceedings. Plaintiff has stated no cognizable claims against Defendant. Accordingly, the Court grants Defendant's motion to dismiss.

### III. CONCLUSION

The Court finds in its discretion that under the circumstances here illustrated extension of the time for service is appropriate. Accordingly, the Court denies Defendant Gray's motions to dismiss under Rule 12(b)(5) for insufficient service. (Docs. 29, 35, 37). However, upon review of Plaintiff's Complaint, the Court concludes that Plaintiff has failed to state a claim for relief against this Defendant. The Court thus grants Defendant's motion to dismiss under Rule 12(b)(6). (Doc. 29). The case is dismissed, and the Clerk is directed to enter Judgment in favor of Defendant.

**SO ORDERED**, this 18th day of June, 2015.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks